**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREAT BOWERY INC. d/b/a "Trunk Archive", a Delaware corporation; ANNIE LEIBOVITZ, an individual,<br><br>Plaintiff,<br><br>    v.<br><br>FANDOMWIRE LLC, a Pennsylvania limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1.  COPYRIGHT INFRINGEMENT;<br><br>2.  VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; and<br><br>3.  VIOLATION OF 17 U.S.C. § 1202<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1

Plaintiffs, Annie Leibovitz and Great Bowery, Inc., by their attorneys Doniger / Burroughs, for their complaint against defendant, FandomWire, LLC, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and 1400(a) in that this is the District in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Annie Leibovitz is an individual residing in New York City.

5. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a Delaware corporation with its principal place of business in New York.

6. Upon information and belief, Defendant FandomWire, LLC, ("Defendant" or "FandomWire") is a Pennsylvania limited liability company with its principal place of business in Harrisburg, Pennsylvania. Upon information and belief, Defendant owns and operates the website https://fandomwire.com/, through which it publishes and distributes content nationwide, including within New York and this District.

7. Defendants DOES 1 through 10, inclusive (collectively with FandomWire, "Defendants"), are other parties who have infringed Plaintiffs' copyright, have contributed to the infringement of Plaintiffs' copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

2

8.     Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS

9.     Leibovitz is a world-renowned photographer acclaimed for capturing celebrity portraits with profound intimacy and insight, including the likes of John Lennon, Bill Clinton, Clint Eastwood, Queen Elizabeth, and many more. Leibovitz's work has been featured in *Vanity Fair* and *Rolling Stone* as well as the National Portrait Gallery.

10.    Trunk Archive is a full-service photography licensing and syndication agency who represents some of the most prominent photographers in the world, including Leibovitz.

11.    Trunk Archive is the exclusive licensee with the right to display, distribute, or otherwise authorize the use of certain works of the photographers they represent, including the works at issue here.

12.    Leibovitz created and owns the original photographs depicted below ("Subject Photographs"), all of which she has registered with the United States Copyright Office:

///

///

| SUBJECT PHOTOGRAPHS |
| --- |









13. Leibovitz provided Trunk Archive an exclusive license for certain rights in the Subject Photographs, as set forth above.

14. Prior to the acts complained of herein, Plaintiffs widely and publicly displayed and disseminated the Subject Photographs, including through Trunk Archive's offering same for license.

15.    Leibovitz and Trunk Archive routinely include identifying copyright management information with the Subject Photographs, including metadata.

16.    Following Plaintiffs' publication and display of the Subject Photographs, Defendants reproduced, publicly displayed, and distributed the Subject Photographs without Plaintiffs' authorization or consent, including on https://fandomwire.com/, the commercial webpage owned, operated and controlled by FandomWire, as depicted below ("Infringing Uses"):

| **INFRINGING USES** |
| --- |
| https://fandomwire.com/he-goes-to-the-body-shop-i-bet-drew-barrymore-takes-a-cheeky-dig-at-naughty-boy-leonardo-dicaprios-lifestyle/ <br>  |
| https://fandomwire.com/im-not-happy-about-it-and-i-think-youre-wrong-before-rian-johnson-mark-hamill-had-disagreement-with-another-director-in-the-best-star-wars-film/ <br>  |

*https://fandomwire.com/mark-hamill-roasted-disney-to-a-crisp-after-criticizing-studio-for-stealing-luke-skywalkers-story-in-the-star-wars-sequel-trilogy/*



*https://fandomwire.com/jason-stathams-rant-against-superhero-films-preceded-even-martin-scorsese-and-quentin-tarantino/*



*https://fandomwire.com/hes-touched-so-many-lives-sir-ian-mckellen-says-hanging-out-with-one-x-men-co-star-is-like-walking-around-with-the-pope/*



Patrick Stewart and Ian McKellen

After Patrick Stewart's cameo in *Doctor Strange in the Multiverse of Madness*, fans have been clamoring to see Ian McKellen back on the big screen. His appearance in the movie was reportedly cut, but Stewart said in an interview with *Entertainment Tonight* that they are not done yet. He stated:

17.    The above exemplars are not meant to encompass all Infringing Uses; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Photographs.

8

18.    Upon information and belief, Plaintiffs allege that Defendants created unlawful derivatives of the Subject Photographs including by editing, cropping, and filtering the Subject Photographs before exploiting same, as depicted above.

19.    A comparison of the Subject Photographs with the corresponding images of the Infringing Uses reveal that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

20.    Upon information and belief, Plaintiffs allege that Defendants, and each of them, were involved in creating and/or developing the Infringing Uses, and/or supplying, marketing distributing, selling, and otherwise providing the Infringing Uses to third parties, including, without limitation, the public.

21.    Upon information and belief, Plaintiffs allege that Defendants, and each of them, knowingly removed and/or altered copyright management information attributing the Subject Photographs to Plaintiffs and/or knowingly provided or distributed false copyright management information indicating third parties as the authors or owners of the Subject Photographs, as shown above.

22.    Plaintiffs never authorized Defendants, or any of them, to reproduce, distribute, display, publish, or otherwise exploit the Subject Photographs as alleged herein, nor did Defendants seek or obtain any license or permission to use the Subject Photographs.

## FIRST CLAIM FOR RELIEF
**(Copyright Infringement – Against All Defendants, and Each)**

23.    Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

24.    Plaintiffs allege on information and belief that Defendants, and each of them, accessed the Subject Photographs including, without limitation, by viewing the Subject

9

Photographs on Plaintiffs' websites or social media profiles, third-party publications or websites displaying the Subject Photographs, or in Plaintiffs' numerous online profiles. Access is further evidenced by the exact or near-exact reproduction of the Subject Photographs in the Infringing Uses.

25. Defendants, and each of them, infringed Plaintiffs' copyrights by copying, reproducing, distributing, publicly displaying, and creating unauthorized derivative works from the Subject Photographs, including by publishing cropped and altered versions thereof on the websites identified above, for Defendants' commercial benefit, without Plaintiffs' authorization or consent.

26. Due to Defendants', and each of their, acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photographs in an amount to be established at trial.

28. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, and which further subject Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, and/or a preclusion from asserting certain equitable and other defenses. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

10

**(Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)**

29.    Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

30.    Plaintiffs are informed and believe and thereon allege that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photographs as alleged herein. Such conduct included, without limitation, publishing the Subject Photographs obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photographs.

31.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the website set forth above that incorporated the Subject Photographs, and were able to supervise the publication of the articles incorporating the Infringing Uses.

32.    By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photographs, in an amount to be established at trial.

34.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act, in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

**THIRD CLAIM FOR RELIEF**

**(Violation of 17 U.S.C. 1202 – Against All Defendants, and Each)**

35.    Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

36.    The Subject Photographs were published with attribution, credit, and other copyright management information identifying Leibovitz as the author.

37.    Plaintiffs allege on information and belief that Defendants, and each of them, removed Leibovitz's copyright management information and/or added false copyright management information to the Subject Photographs before distributing and publishing same, as depicted above.

38.    Plaintiffs allege on information and belief that Defendants, and each of them, distributed and published the Subject Photographs online under the names of third parties, falsely indicating to the public that parties other than Plaintiffs possessed ownership of, authorization to use, or other rights in and to the Subject Photographs.

39.    The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c), and is false.

12

40.   Plaintiffs allege on information and belief that when Defendants, and each of them, published the Subject Photographs, they removed Leibovitz's copyright management information therefrom, knowing, or having reasonable grounds to know, that such removal would induce, enable, facilitate, or conceal infringement, in violation of 17 U.S.C. § 1202(b).

41.   Plaintiffs allege on information and belief that when Defendants published the Subject Photographs they knowingly provided and/or distributed false copyright management information in connection with the Subject Photographs in violation of 17 U.S.C. § 1202(a), with the intent to induce, enable, facilitate, or conceal infringement of Plaintiffs' copyrights.

42.   As a direct and proximate result of Defendants' foregoing conduct and violations of 17 U.S.C. §§ 1202(a) and 1202(b), Plaintiffs have suffered and continue to suffer damages and are entitled to recover actual damages, Defendants' profits, statutory damages, costs, and attorneys' fees pursuant to 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

a.   That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiffs' copyrights in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photographs from their websites, catalogs, marketing, and advertising materials.

b.   That Plaintiffs be awarded all profits of Defendants, and each of them, plus all losses of Plaintiffs, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. §§ 504, 1203, and other applicable law.

13

c.      That a constructive trust be entered over any revenues or other proceeds realized

by Defendants, and each of them, through their infringement of Plaintiffs'

intellectual property rights;

d.      That Plaintiffs be awarded their attorneys' fees and full costs as permitted under 17

U.S.C. §§ 505 and 1203;

e.      That Plaintiffs be awarded pre- and post-judgment interest as permitted by law; and

f.      That Plaintiffs be awarded such further legal and equitable relief as the Court deems

proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury in this action of all issues so triable.

Dated: June 10, 2026                          Respectfully submitted,
New York, New York
                                              DONIGER / BURROUGHS


                                       By: */s/ Alexandra Licitra*
                                              Alexandra Licitra. Esq.
                                              Scott Alan Burroughs, Esq.
                                              247 Water Street, First Floor
                                              New York, New York 10038
                                              (310) 590-1820
                                              alicitra@donigerlawfirm.com
                                              scott@donigerlawfirm.com
                                              *Attorney for Plaintiffs*

14